**IN THE COURT OF APPEALS OF IOWA**

No. 14-0450
Filed June 25, 2014

**IN THE INTEREST OF K.L. and K.J.,**
    **Minor Children,**

**B.S., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Annette Boehlje, District Associate Judge.

B.S. appeals the juvenile court order terminating her parental rights. **AFFIRMED.**

F. David Eastman of Eastman Law Office, Clear Lake, for appellant.

Thomas J. Miller, Attorney General, Katherine S. Miller-Todd, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and Andrew Olson, Assistant County Attorney, for appellee.

Mark Young, Mason City, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

B.S. appeals the juvenile court order terminating her parental rights. She claims the juvenile court should have declined to terminate her parental rights because the children are in the care of their biological fathers. She also claims the application of differing standards, dependent upon the child's age in Iowa Code section 232.116(1)(h) (2013) and section 232.116(1)(f) is a violation of her equal protection rights under both the United States and Iowa Constitutions. We find, considering the reasons stated by the juvenile court, termination is appropriate. We also find B.S. failed to preserve her constitutional arguments for appeal. We affirm.

## I.     Background Facts and Proceedings

B.S. is the mother of two children, K.J. and K.L. Her parental rights to each child were terminated by a March 4, 2014 juvenile court order, pursuant to Iowa Code sections 232.116(1)(h) and (f) (2013).[1] According to the factual findings of the juvenile court, which are not contested on appeal, B.S. lived for a time with C.J., who is K.J.'s father. During this time K.L. was born and was later discovered to be B.L.'s child. At the time of trial, both children were living with their fathers and doing well.

The department of human services (DHS) first became involved with the family when B.S. and C.J. had a physical altercation while C.J. was holding K.J. Two other altercations occurred in front of the children at later dates. The initial concerns were B.S.'s substance abuse and domestic violence. As time went by,

---

[1] B.S.'s parental rights as to K.L. were terminated pursuant to section 232.116(1)(h), and to K.J. pursuant to section 232.116(1)(f).

DHS also began to question B.S.'s stability. B.S. has lived in several residences during the pendency of this case, and has only held one job in the last twenty-five months. She has missed multiple appointments with her drug counselor and mental health counselor, and visitation with the children. The juvenile court found B.S. has either failed or refused to address her mental health issues, and her substance abuse problems persist. B.S. has failed to complete drug testing and was unsuccessful in at least three inpatient treatment programs. Additionally, she continues to be the subject of police calls, sometimes as the victim of and sometimes as the aggressor in domestic violence. B.S. refuses to tell DHS who she is living or spending time with, despite the importance of this information in reuniting with the children. The juvenile court found that after twenty-five months of services, B.S. has made little progress and has not addressed the basic problems that led to DHS involvement. Both fathers support termination and are not subject to this appeal.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815, N.W.2d 764, 773 (Iowa 2012). We give weight to the factual findings of the juvenile court, particularly on matters of credibility, but we are not bound by them. *Id.*

## III. Discussion

B.S. raises two issues on appeal. First, she claims the juvenile court should not have terminated her parental rights because the children are in the custody of a relative. Second, she contends the two different code sections used as the basis for termination represent a violation of her equal protection rights.

**A.    Section 232.116(3)**

The process for terminating parental rights is outlined by section 232.116(1)–(3).  Normally, we engage in a three-part process for examining whether parental rights should be terminated.  *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  In this instance, however, B.S. does not claim any error in regards to the juvenile court's analysis under section 232.116(1) or 232.116(2).  Accordingly, we will exclusively focus on her claims regarding section 232.116(3)(a).

The exceptions to termination found in section 232.116(3) are permissive, not mandatory.  *In re P.L.*, 778 N.W.2d at 40.  The juvenile court may use one of the exceptions where appropriate.  This is not such a case.  B.S. has failed to address any of the serious issues in her life, and in so doing has guaranteed the children, if left under her care, will suffer.  She offers the children no opportunity for stability, and her refusal to address her own needs proves she will be unable to improve her own condition, despite the fact the children are in the custody of a relative.

**B.    Equal Protection**

B.S. claims application of section 232.116(1)(h), which applies a set standard to children age three and under, and section 232.116(1)(f), which applies a different standard to children age four and older, violates her equal protection rights under the United States and Iowa Constitutions.  The State contends B.S. failed to preserve error on the issue.  We agree.  All issues, even those of a constitutional nature, must be both raised and ruled upon at the

juvenile court level for error to be preserved. *See A.B.*, 815 N.W.2d at 773. There is no discussion of the equal protection argument in the record. Accordingly, B.S. failed to preserve her constitutional argument for appellate review.

**AFFIRMED.**